{¶ 20} I respectfully dissent.
 {¶ 21} Appellant's sole assigned error attacks the trial court's ruling that appellant's concurrent sentence in this case be served consecutively to sentences previously imposed on appellant by the Cuyahoga Common Pleas Court.
 {¶ 22} Appellant would have had a basis under Foster andBlakely for its assigned error had the trial court adjudicated consecutive sentences for the two felonies for which he entered guilty pleas in this case. However, neither Foster norBlakely prohibit a trial court from ruling that a convicted defendant serve a new sentence after completing a sentence from a prior conviction. In fact, such a ruling would provide the criminally minded with an existing sentence an incentive to commit additional crimes before a prior sentence has been fully served.
 {¶ 23} Appellant's sole assignment of error is without merit.
 {¶ 24} The analysis of this case should end here since appellant only appealed the "consecutive" nature of his sentence.
 {¶ 25} The majority, however, crafts another "error" — a "more than the minimum" sentence through the following tortured reading of appellant's brief:
 {¶ 26} "Smith employs the phrase `statutory maximum' throughout his argument, in conjunction with his primary argument that the trial court improperly made judicial findings to enhance his sentence beyond the `statutory maximum.'"
 {¶ 27} The majority's reliance on bald factual assertions in appellant's brief is misplaced. Appellant's brief contains no citations to the sentencing transcript and that transcript was not included in the record.[14]
 {¶ 28} While an appellate court has discretion to pass upon errors not otherwise assigned or argued, App.R. 12(A)(1)(b); it is not the role of the appellate court to act as additional counsel for a convicted appellant. See Hungler v. Cincinnati
(1986), 25 Ohio St.3d 338, 342 ("although a court of appeals may recognize error not assigned by the parties, there must be sufficient basis in the record before it upon which the court can decide that error"). At most, an appellate court can review a matter under a plain error analysis. State v. Long (1978),53 Ohio St.2d 91, 94 ("[t]he power to notice plain error * * * is one which the courts exercise only in exceptional circumstances"). That was not the majority's approach in this case.
 {¶ 29} This court cannot simply assume error by the trial court in its sentencing in this case. A copy of the sentencing hearing transcript is necessary before this court can find error. Ohio courts have addressed this exact issue, holding that: the duty to provide a transcript for appellate review falls upon appellant. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; see, alsoState v. Rehaut, 10th Dist. Nos. 02AP-570, 02AP-571, 2003-Ohio-884, at ¶ 13; App.R. 9 (B).
 {¶ 30} In the absence of such transcript, this court must presume that the sentences imposed by the trial court are proper.
 {¶ 31} Finally, in the absence of a record, there is no stated reason by the trial court for the sentences imposed. No stated reason is precisely the standard proscribed by the Ohio Supreme Court in Foster. Therefore, on the face of the proceedings before us, the sentences imposed by the trial court are not in conflict with Foster.
 {¶ 32} For these reasons, the decision of the Lake County Court of Common Pleas should be affirmed.
[14] Appellant specifically indicated that "[n]o transcript of proceeding [is] required" on the Docketing Statement in this case.